

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00001-CR

Daniel James **WEEMS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 38th Judicial District Court, Medina County, Texas
Trial Court No. 12-12-11120-CR
The Honorable Camile G. Dubose, Judge Presiding

PER CURIAM

Sitting:      Catherine Stone, Chief Justice
              Karen Angelini, Justice
              Sandee Bryan Marion, Justice

Delivered and Filed:  February 19. 2014

DISMISSED FOR LACK OF JURISDICTION

The trial court imposed sentence in the underlying cause on September 11, 2013. Because

appellant did not file a timely motion for new trial, the notice of appeal was due to be filed October

11, 2013.[1] TEX. R. APP. P. 26.2(a)(1). A motion for extension of time to file the notice of appeal

---

[1] The deadline for filing the motion for new trial was October 11, 2013, and the motion for new trial was not filed until October 28, 2013. In an amended notice of appeal, appellant's attorney makes reference to the appellant having tendered his motion for new trial to his jailors on October 16, 2013; however, October 16, 2013 was after the October 11, 2013 deadline.

was due on October 28, 2013. TEX. R. APP. P. 26.3. On October 28, 2013, appellant filed a notice of appeal[2] and a motion for extension of time in the trial court.

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). A late notice of appeal may be considered timely so as to invoke a court of appeals' jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time. *See id.* Although appellant filed the notice of appeal and motion for extension of time within the fifteen day grace period, appellant filed his motion for extension of time with the trial court instead of with this court.

On January 29, 2014, we ordered appellant to show cause in writing within two weeks from the date of this order why this appeal should not be dismissed for lack of jurisdiction. *See id.*; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (out-of-time appeal from final felony conviction may be sought by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure). Appellant's attorney responded to this court's order stating, "Appellant, through undersigned counsel, must concede that his pro se notice of appeal and extension do not appear to have been filed in the manner necessary to properly invoke this Court's jurisdiction." Because appellant failed to file his motion for extension of time in the proper court, this appeal is dismissed for lack of jurisdiction. *See Olivo v. State*, 918 S.W.2d at 522.

PER CURIAM

DO NOT PUBLISH

---

[2] We liberally construe appellant's letter requesting the trial court's permission to appeal as a notice of appeal.